**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

Miguel **PENALOZA–HERNANDEZ,** **also known as Miguel Hernandez, also known as Miguel Hernandez–Rodriguez, also known as Miguel Penalose Hernandez, also known as Miguel Angel Penaloza–Hernandez, also known as Juan Angel Penaloza–Hernandez, also known as Miguel Angel Hernandez, also known as Miguel Penalosa–Hernandez, also known as Miguel Angele Hernandez, also known as Miguel Penaloza Hernandez, also known as Jaime Hernandez, Defendant–Appellant.**

No. 06–20071
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 24, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Michael L. Herman, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM: *

Miguel Penaloza–Hernandez appeals following his guilty-plea conviction for being found unlawfully in the United States after deportation in violation of 8 U.S.C. § 1326. Penaloza–Hernandez argues that the district court misapplied the Sentencing Guidelines by characterizing a state felony conviction for possession of a controlled substance as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C). Penaloza–Hernandez's argument is unavailing in light of circuit precedent. *See* *United States v. Hinojosa–Lopez*, 130 F.3d 691, 693–94 (5th Cir.1997). Penaloza–Hernandez argues that this circuit's precedent is inconsistent with *Jerome v. United States*, 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640 (1943). Having preceded *Hinojosa–Lopez*, *Jerome* is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent." *See* *United States v. Short*, 181 F.3d 620, 624 (5th Cir.1999).

For the first time on appeal, Penaloza–Hernandez also challenges the constitutionality of § 1326(b) in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Penaloza–Hernandez's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Penaloza–Hernandez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in

light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See* *United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Penaloza–Hernandez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.